UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOBO CAPITAL PARTNERS, LLC,

    Plaintiff,

v.                                                 Case No.: 8:12-CV-02029-VMC-AEP

BRIAN FORTE, an individual;
SUCCESS RESOURCES USA, LLC,
a Florida limited liability company; and
TAKE ACTION MEDIA, INC., a Florida
corporation,

    Defendant.
_____/

## DEFENDANTS BRIAN FORTE AND SUCCESS RESOURCES USA, LLC'S RULE 12(b)(6) MOTION TO DISMISS COUNT V OF PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND INCORPORATED MEMORANDUM OF LAW

BRIAN FORTE, an individual, and SUCCESS RESOURCES USA, LLC, the Defendants herein, by and through undersigned counsel, file this Motion to Dismiss Count V (Civil Conspiracy) pursuant to Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim upon which relief can be granted and in support thereof would show as follows.

1.     Court V sets forth a claim for civil conspiracy. Plaintiff's Complaint generally alleges that BRIAN FORTE is an officer or director of both SUCCESS RESOURCES USA, LLC and TAKE ACTION MEDIA, INC. Because a corporation cannot act but through its officers, directors and employees or agents, the general rule of law is that absent specific allegations which are absent

in this pleading, Plaintiff has failed to allege an actionable conspiracy since the corporation cannot conspire with its officers or directors. Alternatively, Plaintiff should be required to plead a more definite statement and clarify the specific nature of its civil conspiracy claim.

2. While there are older Florida cases which would support that the allegations of civil conspiracy in this matter are sufficient, after *Ashcroft v. Iqbal*,[1] it is Defendants' position it is necessary to be more specific. In particular, the overt acts which caused damage must be alleged to be the actual commission of a specific underlying tort or the commission of a particular lawful act in some illegal fashion must be more particularly alleged. It is further Defendants' position that the allegations fail after the decision in *Ashcroft* because they do not notify the Defendants of the date, time and place of the overt acts.[2]

3. For either or both reasons, the civil conspiracy count as set forth in the Complaint fails to adequately state a cause of action under the current standards for pleading causes of action under Rule 8(a)(2) of the Federal Rules of Civil Procedure.

## MEMORANDUM OF LAW

A Rule 12(b)(6) motion to dismiss on the basis of a failure to state a cause of action upon which relief can be granted invokes the pleading requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure and its requirement that the pleader show a plausible entitlement to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 566 (2007).

---

[1] 556 U.S. 662, 678-682 (2009).
[2] Of course, in a criminal case, the allegation of date, time and place of overt acts might be essential to ensuring due process of law under the Fifth and Sixth Amendment. While evidentiary detail is clearly not required by *Bell Atlantic* or *Ashcroft*, rote recitation of essential elements of a cause of action does not a valid claim make.

In 2009, the Supreme Court made clear that *Bell Atlantic* required that a pleading be something more than labels and conclusions or the formal recitation of the elements of a cause of action. Naked assertions to avoid a further factual development are insufficient. The *Ashcroft* court developed a two-part standard for evaluating a complaint and reiterated that only a complaint that states a plausible claim for relief survives a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-682 (2009).

Perhaps ironically for the Plaintiff, neither *Bell Atlantic* nor *Ashcroft* changed the Rule 12(b)(6) requirement that the court take the allegations of the complaint as true. This is ironic because the Complaint alleges that BRIAN FORTE is an officer/director of both business entity defenses, SUCCESS RESOURCES USA, LLC and TAKE ACTION MEDIA, INC. Though the Defendant denies such a current relationship with TAKE ACTION MEDIA, INC., the court must accept the allegation as true when ruling on this Motion.

The irony is that the civil conspiracy allegation set forth in Count V makes FORTE the fulcrum of the conspiracy, an officer/director of each company and it is only through officers and directors that those companies could in fact act.

The gist of a civil action for conspiracy is not the conspiracy itself, but the civil wrong which is done pursuant to the conspiracy and which results in damage to the plaintiff. The cause of action for civil conspiracy only exists if the basis for the conspiracy is a specific independent wrong or tort which would constitute a cause of action if it were done by one person. *Rivers v. Dillards Dept. Store, Inc.*, 698 So. 2d 1328, 1333 (Fla. 1st DCA 1997). *See also Raimi v. Furlong*, 702 So. 2d 1273 (Fla. 3d DCA 1997), rev. denied, 707 So. 2d 531.

3

Moreover, a corporation cannot conspire with its own officers, directors or employees. *Rivers, id.* 1333; *Garrido v. Burger King Corp.*, 558 So. 2d 79 (Fla. 3d DCA 1990); *McLeod v. Barber*, 764 So. 2d 790, 793 (Fla. 5th DCA 2000); *Cedar Hills Props. Corp. v. Eastern Fed. Corp.*, 575 So. 2d 673, 676 (Fla. 1st DCA 1991).

It is movants' position that after *Ashcroft*, a civil conspiracy claim must do more than recite the essential elements of a cause of action. It must specifically delineate that the overt acts that caused the damage were specific civil torts or wrongs and place them in a temporal and geographic context sufficient to put the Defendants on notice of the claim. Therefore, the civil conspiracy count must be dismissed because:

a) it fails to adequately state a claim sufficient to comply with Rule 8(a)(2); and,

b) it improperly alleges a conspiracy between a corporation and its officers, directors, employees or agents – a legal nullity.

Alternatively, or if the Court dismisses the civil conspiracy count but grants Plaintiff leave to amend, the Defendants are entitled to a more definite and specific statement of the acts alleged to have been specifically committed that specifically damaged the Plaintiff and other details sufficient to allow an answer.

## CONCLUSION

Plaintiff's Count V, a claim for civil conspiracy, fails to state a cause of action and is insufficiently pled under Rule 8(a)(2), Federal Rules of Civil Procedure. Therefore, it is subject to dismissal pursuant to Rule 12(b)(6), Florida Rules of Civil Procedure. It should be dismissed and if Plaintiff is granted leave to amend, a more definite statement of the claim should be required. If the

Motion to Dismiss is denied, Defendants request the Court grant them ten days from the date of the order to file an answer to the count.

FORIZS & DOGALI, P.A.

/s/ Lee Wm. Atkinson
Lee Wm. Atkinson
Trial Counsel
Fla. Bar No.: 340375
latkinson@forizs-dogali.com
Timothy D. Woodward
Fla. Bar No.: 0486868
twoodward@forizs-dogali.com
4301 Anchor Plaza Parkway, Suite 300
Tampa, FL 33634
Telephone: (813) 289-0700
Facsimile: (813) 289-9435
*Attorneys for Defendants Brian Forte and Success Resources USA, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of October, 2012, I electronically filed the foregoing Answer and Affirmative Defenses with the Clerk of the Court by using the CM/ECF system which will automatically send notice of electronic filing to counsel of record.

FORIZS & DOGALI, P.A.

/s/ Lee Wm. Atkinson
Lee Wm. Atkinson

5