```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

LOBO CAPITAL PARTNERS, LLC,

        Plaintiff,
v.                                  Case No.: 8:12-cv-2029-T-33AEP

BRIAN FORTE, SUCCESS RESOURCES
USA, LLC, and TAKE ACTION MEDIA,
INC.,
        Defendants.
_____/

## ORDER

This matter comes before the Court upon Defendants Brian Forte and Success Resources USA, LLC's Rule 12(b)(6) Motion to Dismiss Count V of Plaintiff's Complaint (Doc. # 12), filed on October 24, 2012. Plaintiff Lobo Capital Partners, LLC filed a Response in Opposition to the Motion on November 5, 2012. (Doc. # 14). For the reasons that follow, the Motion to Dismiss is denied.

**I.**   **Background**

Lobo Capital, Life Win, Inc., Brooker T. Equity, LLC, Get Motivated Seminars, Inc., and Wealth Magazine Investor Education, LLC (collectively, the "Companies"), are in the business of providing motivational and educational seminars and services. (Doc. # 1 at ¶ 9). The Companies possess proprietary and confidential business information, trade secrets, and various registered trademarks. (Id. at ¶¶ 12-

15). The Companies operate under the name "Get Motivated." (Id. at ¶ 13).

Mr. Forte held an executive position with the Companies and entered into a "Confidentiality, Nondisclosure, and Noncompete Agreement" with the Companies on or about January 14, 2002. (Id. at ¶¶ 16-17). In this Agreement, Mr. Forte acknowledged that during the time of his employment he would become privy to confidential information and that during the time of his employment and for a period of five years after termination of his employment, he would not share this information with third parties. (Id. at ¶ 18). In addition he agreed that he would not 1) solicit the Companies' employees, or otherwise interfere with the relationship between the Companies and their employees; 2) interfere with the relationships between the Companies and their customers, or any other business relationship; or 3) engage in certain competitive activities. (Id. at ¶ 19). In December of 2011, Mr. Forte's employment with the Companies was terminated. (Id. at ¶ 20).

In the early part of 2012, Mr. Forte took control of much of the Companies' intellectual property and subsequently began an association with Take Action Media, Inc. whereupon he and Take Action Media began using the Companies' property

2

including; confidential information, trade secrets, and trademarks. (Id. at ¶ 21). Mr. Forte and Take Action Media used this information to conduct business under the name "Get Motivated" and disclosed this information to third parties. (Id. at ¶ 22-23). On June 15, 2012, Mr. Forte formed Success Resources USA, LLC, where he acted as a managing member. (Id. at ¶ 27).

On August 19, 2012, Lobo Capital became aware that Success Resources had planned motivational seminars in Orlando, Florida and Denver, Colorado at around the same time that Lobo Capital had scheduled "Get Motivated" seminars. (Id. at ¶ 31). In addition, Success Resources was advertising the appearance of the same celebrity speakers that Lobo Capital had used for several years and was using pictures from Lobo Capital's "Get Motivated" seminars in these advertisements. (Id. at ¶¶ 31-32). Additionally, the appearance and design of Success Resources' website and print advertisements copied that of Lobo Capital's "Get Motivated" advertisements and Domain Site. (Id. at ¶ 32).

On September 7, 2012, Lobo Capital filed its complaint against Mr. Forte, Success Resources, and Take Action Media containing the following counts: breach of contract (Count I), misappropriation of trade secrets (Count II), unfair

3

competition, infringement and dilution (Count III), violation of the Florida Deceptive and Unfair Trade Practices Act (Count IV), and civil conspiracy (Count V).

At this juncture, Mr. Forte and Success Resources seek dismissal of Count V, for civil conspiracy.[1] The Court denies the motion herein.

## II. Legal Standard

On a motion to dismiss, this Court accepts as true all allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").

However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to

---

[1] Take Action Media is no longer a party to this action. (Doc. # 34).

4

> raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). However, this tenant does not apply to legal conclusions. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

### III. Analysis

Mr. Forte and Success Resources assert that Lobo Capital's claim for civil conspiracy is insufficiently pled under Rule 8(a)(2) of the Federal Rules of Civil Procedure and otherwise fails for lack of specificity. In addition, Mr. Forte and Success Resources contend that the civil conspiracy claim must be dismissed due to the application of the intracorporate conspiracy doctrine.

#### A. Pleading Civil Conspiracy

The elements required to assert a civil conspiracy claim are:

> "(a) a conspiracy between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to the plaintiff as a result of the acts done under the conspiracy."

5

<u>Nationwide Mut. Co. v. Ft. Myers Total Rehab Ctr., Inc.</u>, 657 F. Supp. 2d 1279, 1291 (M.D. Fla. 2009) (citing <u>Charles v. Fla. Foreclosure Placement Ctr., LLC</u>, 988 So. 2d 1157, 1159-60 (Fla. 3d DCA 2008)).

Lobo Capital has alleged in Count V of the complaint that "[a]n agreement existed between the Defendants to commit the unlawful acts," that "Defendants took overt acts in furtherance of the agreement/conspiracy to commit the unlawful acts," and that "[a]s a direct and proximate result of the Defendants' agreement/conspiracy to commit the unlawful acts, Lobo [Capital] has suffered and will continue to suffer damage." (Doc. # 1 at ¶¶ 76-79).

Lobo Capital also alleges that Mr. Forte, Success Resources, and Take Action Media conspired to steal Lobo Capital's assets "including but not limited to unauthorized use of . . . trade secrets and confidential information and knowing infringement and dilution of . . . trademarks and trade dress." (<u>Id.</u> at ¶ 1). In addition, Lobo Capital alleges that "Defendants knowingly and improperly copied Get Motivated's distinctive trade dress, and embarked upon a malicious and intentional scheme and plan to unfairly trade upon and misappropriate the success of the Get Motivated seminars. That scheme and plan include[d] the marketing,

6

advertising, and offering for sale and/or sale of confusingly similar seminars."(Id. at ¶ 39).

Mr. Forte and Success Resources contend that the civil conspiracy count is subject to heightened pleading requirements, similar to those set forth in Rule 9, Fed. R. Civ. P., which require the plaintiff to state the who, what, where, when, and how of the conspiracy.  The Court disagrees with Mr. Forte and Success Resources' errant position.  Lobo Capital's allegations are subject only to the standard set forth in Rule 8(a), Fed. R. Civ. P., and are adequate at this preliminary juncture to state a claim for civil conspiracy. Pursuant to Twombly and Iqbal, the Court determines that the civil conspiracy allegations contained in the complaint provide sufficient detail to raise Lobo Capital's right to relief beyond the speculative level.

    **B.**    **Intracorporate Conspiracy Doctrine**

In addition, Mr. Forte and Success Resources contend that Lobo Capital's civil conspiracy claim fails due to the application of the intracorporate conspiracy doctrine. "The intracorporate conspiracy doctrine holds that acts of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy."   McAndrew v. Lockheed Martin

Corp., 206 F.3d 1031, 1036 (11th Cir. 2000). Because "conspiracy requires a meeting of the minds between two or more persons to accomplish a common and unlawful plan," and because "under basic agency principles, the acts of a corporation's agents are considered to be those of a single legal actor," it is not possible for "a single legal entity consisting of the corporation and its agents to conspire with itself." Id.

Once again, Mr. Forte and Success Resources' arguments miss the mark. Lobo Capital alleges that Forte is an officer of both Success Resources and Take Action Media. However, Lobo Capital does not allege that Success Resources and Take Action Media are related. Accordingly, the conspiracy count is not subject to dismissal pursuant to the intracorporate conspiracy doctrine.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants Brian Forte and Success Resources USA, LLC's Rule 12(b)(6) Motion to Dismiss Count V of Plaintiff's Complaint (Doc. # 12) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 28th day of March, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

8

Copies: All Counsel of Record